LAND, J.
 

 On September 27, 1922, plaintiff was severely injured in St. Landry parish by the breaking of a cable in use on the dredge boat then and there in operation by
 
 *917
 
 the firm of Goetz & Lawrence, a copartnership domiciled at Shreveport, La.
 

 Originally, plaintiff instituted suit against defendants for damages under article 2315 of the Civil Code, but, after answer filed, presented an amended petition in the lower court praying for compensation, in the alternative, under the Employers’ Liability Act, Act No. 20 of 1914, and amendments thereto, should the court find that the provisions of said act were applicable to the case.
 

 The district court disallowed all of the claims and demands set up in plaintiff’s original and amended petitions. This judgment was affirmed on appeal by the Court of Appeal for- St. Landry Parish, and is now be fore us for review.
 

 1. It is stated in plaintiff’s brief that “the sole issue before this court now is, whether the plaintiff and appellant, John P. Savant, is entitled to compensation under the Workmen’s Compensation Act No. 20 of 1914 and subsequent amendments”; the claim for damages having been abandoned.
 

 Plaintiff claims $18 per week for a period of 300 weeks from the 27th day of September, 1922, and for medical and hospital charges, and the additional sum of $250 incurred in the prosecution of this suit.
 

 The answer to the supplemental and amended petition, in effect, denies that the plaintiff came within the purview of Act 20 of 1914 and the acts amendatory thereto.
 

 The Court of Appeal denied plaintiff’s claim for compensation for the following reasons:
 

 “As for plaintiff’s alternative demand, the contract entered into between plaintiff, and defendants does not contemplate nor provide for the payment of wages. The compensation agreed on was contingent and dependent on the fulfillment of the conditions mentioned.
 

 “The evidence shows that during the time that plaintiff was manager, and up until the time of his injuries, there was no net profit that he could have claimed.
 

 “We cannot fix wages under the law on the subject of compensation (Act 20 of 1914), when there is no way under the evidence whereby we can compute same by analogy or otherwise. Eor these reasons we are compelled to refuse his demand on that account.”
 

 The contract of employment between Savant, plaintiff, and defendants reads as follows :
 

 “State of Louisiana, Parish of St. Landry.
 

 “Agreement entered into this 12th day of June, 1922, by and between the firm of Goetz & Lawrence, a partnership domiciled in the city of Shreveport, Louisiana, composed of E. W. Goetz and J. H. Lawrence, both residents of Caddo parish, Louisiana, parties of the first part, and Savant & Perkins, a partnership domiciled at the town of Opelousas, Louisiana, composed of J. P. Savant and J. A. Perkins, both residents of St. Landry parish, Louisiana, parties of the second part, have entered into an agreement as follows:
 

 “That, whereas the said parties of the first part do hereby appoint the said parties of the second part as their managers for the purpose of operating their two and one-half (2%) cubic yard Busyrus steel dipper dredge boat for a period of ninety days from date hereof, now doing work for the Bayou Bceuf & Maxia drainage district near the town of Whiteville in St. Landry parish, Louisiana, under the following conditions:
 

 “That they are to pay all of the expenses and cost of operations to said job, incurred from month to month, under their management, also to pay the past due bills and accounts to the amount of $-, as per list attached hereto and made part hereof, with the exception of the two last accounts marked (small accounts in Shreveport and Alexandria $180.00 and extra wood cut $50.00) out of the earnings of said job before they receive any compensation for their services as managers, and it is further agreed and understood that, after the accounts and bill as listed in said list hereto attached have been paid, they are authorized to pay out of the earnings of said job the amount due the Louisiana Construction Works and any amounts that may be due Savant & Perkins under the contract now existing and having been made prior to this agreement.
 

 “That it is further understood and agreed that, at the expiration of the 90 days’ period, the said Savant & Perkins have the right to continue the management of the said job, if they do desire, provided that all of the accounts and bills listed herein and the account incurred by them under their management have been fully paid, and receipted for, except the amounts due
 
 *919
 
 the Louisiana Construction Works and L. P. Gore Company, Inc., and
 

 “That, for their services as managers they are to receive a two-thirds of the profits earned on the job and a two-thirds (2/3) interest in the dredge boat above mentioned, and the said Savant & Perkins interest in the boat will not operate, unless it will have been fully paid for, and
 

 “That it is further understood and agreed by and between the parties hereto that the said Goetz & Lawrence have the right to discharge the said Savant & Perkins as managers, if they fail to comply with stipulations and provisions herein mentioned.”
 

 “It is understood that in the event the said Savant & Perkins decide at the expiration of the 90-day period to discontinue their services as managers of the said job, they are not to receive any compensation or make any claims for their services rendered during the 90-day period.”
 

 The contract of employment between Savant & Perkins and the defendants is a special contract, in which no weekly wage is stipulated, and in which the compensation is fixed at a certain proportion of the profits, contingent upon the performance by Savant & Perkins of the conditions of the contract.
 

 As was said by this court in American Cigar Co. v. Fabacher, 100 So. 300, 156 La. 187, in which we construed a special contract of hiring between the parties:
 

 “A written contract is presumed to express the intention of the parties, and it is the law of the case between the parties. Ker v. Evershed, 6 So. 566, 41 La. Ann. 15; Succ. of Bellande, 7 So. 535, 42 La. Ann. 241; R. C. C. art. 1945.”
 

 “The intent is to be determined by the words of the contract when these are clear and explicit.” R. C. C. art. 1945.
 

 “When the intent of the parties is evident and lawful, neither equity nor usage can be resorted to, in order to enlarge or restrain that intent, nor can any law operate to that effect, unless it be some prohibition or other provision which the parties had no right to modify or renounce.” R. C. C. art. 1963.
 

 The parties in this case had a perfect right either to bring the contract within the terms of the Employers’ Liability Act or to withdraw it from' the operation of said act if they saw fit so to do.
 

 For us to strike out of this special contract between the parties their mutual stipulation as to comjjensation, made entirely contingent, and to substitute instead a weekly wage under the Employers’ Liability Act, or for us to fix such compensation in a manner analogous to said act, or in any other way than expressly agreed upon between the parties, would be for this court to make a contract between them to which they have not consented.
 

 There were no profits made during the management of the dredge boat by Savant & Perkins. This necessarily ends the matter, as the terms and conditions of the special contract in this case constitute the law between the parties thereto, and necessarily control their x-espective rights and obligations and causes of action.
 

 Judgment affirmed.
 

 ST, PAUL, J., concurs in the decree.