No. 3047

Second Circuit

---

## YOUNG v. PETTY STAVE & LUMBER CO.

---

(November 10, 1927. Opinion and Decree.)

---

(Syllabus by the Court)

1. **Louisiana Digest—Master and Servant— Par. 153.**
The Workmen's Compensation Law cannot become operative between two persons until the relation of employer and employee exists between them.

2. **Louisiana Digest—Master and Servant— Par. 154, 156.**
One is not liable as principal to the employee of another under Section 6 of Act 85 of 1926 when no contractual relation existed between him and the employer.

3. **Louisiana Digest—Obligations—Par. 9, 12.**
A letter from a corporation to an individual reading as follows, to-wit: "Your kind favor of the 27th inst. received and note that you want to put some oak bolts out on the road if we will take them up down there. Yes, we will take them up as they are loaded if you will call or write us as soon as you get the car out"—is a mere offer to contract, and, in the absence of proof of acceptance of the offer by the person to whom it was made, does not create any contractual relation between the person making it and him to whom it is made.
C. C. 1779.

Appeal from the Second Judicial District Court of Louisiana, Parish of Bienville. Hon. John A. Richardson, Judge.

Action by Levi B. Young against C. F. Petty Stave & Lumber Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Wimberly & Wallace, of Arcadia, attorneys for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellee.

STATEMENT OF THE CASE

REYNOLDS, J.   This is a suit under the Workmen's Compensation Law.

The petition alleges that defendant contracted with one T. T. Farrar to get out stave bolts for it and that said Farrar employed the petitioner to get out the stave bolts for him at a daily wage of $3.50.

He further alleges that while performing services arising out of and incidental to his employment a tree fell on him and so badly crushed his left leg that it had to be amputated.

He asked for compensation at the rate of $12.35 a week for one hundred and twenty-five weeks and for $200 medical and hospital bills.

On trial in the lower court plaintiff's demands were rejected and his suit dismissed and he appealed.

OPINION

Plaintiff's able counsel has furnished us with a brief in which all the law bearing

upon Section 6 of Act No. 85 of 1926 is fully and exhaustively presented and we have read it with much interest; and while we agree with counsel in much that they say, we are unable to accept their contention on the crucial point in the case, namely: that the relation of principal and contractor or employer and employee existed between T. T. Farrar and defendant.

In our opinion the letter from defendant to T. T. Farrar dated November 30, 1926, relied on by plaintiff as establishing such relation was a mere offer by defendant to Farrar to enter into a contract with it, which offer was not accepted by Farrar, and in the absence of acceptance it could create no contractual relation between them nor any liability on the part of defendant to plaintiff under Section 6 of Act 85 of 1926 as an employe of Farrar.

Had a contract been entered into between defendant and Farrar in pursuance of the offer contained in the letter defendant might have been liable to plaintiff for the compensation claimed, but, as to this, we express no opinion; but no contract having been entered into between them, defendant could not become so liable.

For these reasons it is ordered, adjudged and decreed that the judgment appealed from be affirmed.