No. 915

**First Circuit**

———

WALKEAU v. LLANO DEL RIO CO. OF
NEVADA

———

(February 8, 1932. Opinion and Decree.)
(March 8, 1932. Rehearing Refused.)

———

Woosley & Cavanaugh, of Leesville, attorneys for plaintiff, appellee.

S. I. Foster, of Leesville, attorney for defendant, appellant.

MOUTON, J. Plaintiff was injured May 31, 1930, while operating a Hobart machine, causing the loss of the little and ring fingers of his right hand, and, for the injury so received, is suing defendant company for compensation under the provisions of the Employers' Liability Act (Act No. 20 of 1914, as amended).

He recovered judgment, from which defendant company appeals.

It is alleged in the petition that plaintiff was injured while performing services in the course of the business and trade of defendant company, but there is no averment that he was an employee by contract or otherwise. His averment being that his services were worth $5 per day, and that he is entitled to recover sixty-five per cent of a weekly wage, which he fixes at $30 per week.

To that petition defendant company filed exceptions of no cause and no right of action based on grounds therein specified, annexing thereto a contract bearing the title of Llano Pledge, entered into by plaintiff with defendant company, and signed by him.

The exceptions were overruled by the court, and were tried with the merits.

Though plaintiff failed to make the usual allegation that he was an employee of defendant company, we shall dispose of the defense presented by the exceptions in reference to and in connection with the

contract thereto annexed, and the evidence adduced during the trial of the case.

In the contract which is denominated a Llano Pledge, in capital letters, the preamble begins by a declaration of the inherent right of all mankind to life, liberty, and the pursuit of happiness. The defendant company is therein referred to as the Llano Co-Operative Company.

Plaintiff, in the contract, declares that he knows that the colony is an experiment in human relationship and he promises to assist in its integral co-operative movement; also declares that he has faith in the movement, and that he is determined to use all his powers in making it a success.

After making these declarations of faith and promises of loyalty to the venture, the agreement. in the last paragraph reads as follows:

"I will accept as compensation, food, clothing and shelter and services as the colony is in a position to provide, at no time expecting returns or profits in dollars and cents."

In the case In re Savant, reported in 160 La. 916, 107 So. 621, Savant and Perkins entered into a contract with Goetz and Lawrence in reference to the operation of a dredge boat. All the expenses and costs of the operations for the contemplated drainage were to be paid by Savant and Perkins before they received any compensation for their services as managers of the undertaking.

In passing on this written contract, the court said it was presumed to express the intention of the parties, and that it was the law between them; that, as it was lawful, neither equity nor usage could be resorted to 'in order to enlarge or restrain the intent expressed in the agreement between the parties, unless the contract violated some prohibitory law or other provision which they could not modify or renounce; citing Civ. Code, arts. 1945, 1963, also several decisions of our courts.

The contract under consideration is not in conflict with any prohibitory law or other provision, and must be taken as written in the solution of this case.

The court found in the Savant case, above cited, that, by .the mutual stipulations of the parties thereto, the compensation provided for was made entirely contingent, and said it could not substitute therefor a weekly wage under the provisions of the Employers' Liability Act; and that, if the court so held, it would be making a contract to which the contracting parties had not consented.

In the final clause of the contract above reproduced, plaintiff says he will accept as compensation, food, clothing, shelter and services as the colony is in a position to provide.

This food, clothing and shelter, it will be noted, was such as the colony might be in a position to furnish. Evidently if the colony could not afford that as compensation, plaintiff would receive nothing. That part of the pledge indicates clearly that defendant company did not bind itself to pay plaintiff any fixed wages for any services he might render. Further, the quoted clause continues and says that plaintiff, "at no time expecting returns or profits in dollars and cents." If there be anything an employee or wage-earner expects, it is the returns or profits "in dollars and cents" for the labor or services he renders for the benefit of his employer.

In the Savant case, the court said that no profits having been realized by Savant and Perkins in the management of the dredge boat, necessarily the matter ended there. Here there is no proof whatsoever that the colony had made any profits, or, if any had been realized by it, that plaintiff was entitled to any share therein; certainly not as a wage, because it is well established that none were ever paid him during the two years he worked for the company, nor that any wage had ever been offered him, or to any other members of defendant company.

It will be observed in addition to what we said in reference to the clause of the contract, above quoted, that "services" the company might be in a position to provide are classed as "compensation" with food, clothing and shelter. If plaintiff was an employee of defendant company, it would indeed be extremely singular that he would consider services to be rendered by the colony as a part of his compensation. The analysis of that clause, taken in connection with the generally declared purposes of defendant company, show, as appears in the contract annexed to defendant's exceptions, termed a Llano pledge, that parties who signed the agreement became members of an association organized to establish, as an experiment, new ideals "in human relationship." Besides these idealistic purposes, the record shows that the accumulation of property was also one of the objects of the association. The property expected to be thus accumulated the proof indicates was to be acquired from the income resulting from the labor or services rendered by the members of this co-operative colony, in which each member would have a common interest and ownership, in shares represented by stock issued by the company. It is also shown that plaintiff participated in the meetings of the association, and, before he fell out with the manager, made speeches laudatory of the purposes of the association. It appears that he was thereafter expelled from defendant company by a vote taken according to its rules of government. It is therefore evident that plaintiff was one of its members on an equal footing with the others, and in no sense could have been considered as an employee.

The facts are that the object for which the defendant company was organized, its accumulation of property as a common fund, its management or operation, indicate almost beyond question that it was not engaged as an employer in any business, trade, or occupation, and that plaintiff was not its employee.

In Benjamin T. Harville v. Eicher-Woodland Lumber Co., 3 La. App. 406, the court said:

"Where all the evidence fails to show that the relationship of the employer and employee existed at the time of the injury, the injured workman suing for compensation under the Workmen's Compensation Act No. 20 of 1914 cannot recover."

See, also, Savant v. Goetz, 160 La. 916, 107 So. 621; Young v. Petty Stave & Lumber Co., 7 La. App. 90, 294; Hunter v. Johns, 4 La. App. 518.

In this case, the relationship of employer and employee was not shown to have existed at the time of the injury, nor before, and plaintiff cannot recover.

The judgment granting him compensation is erroneous, and must be reversed.

It is therefore ordered, adjudged, and decreed, that the judgment appealed from be, and is hereby, annulled, avoided, and reversed, and that plaintiff's demand be rejected at his cost in both courts.