CAVANAUGH, Judge
(concurring).
I concur in the majority opinion overruling the exception of no cause or,right of action and remanding this case to the district, court for a trial on the merits. However, I do not concur in the proposition that the plaintiff as managing partner of the partnership o-f Trappey Beverage Company of New Iberia and Lafayette, Louisiana, is an employee of the partnership in addition to being an equal partner to the extent of a one-sixth interest in the partnership, and as such is entitled to maintain the suit solely on that basis.
The Workmen’s Compensation Law was first enacted in the State of’ Louisiana by Act No. 20 of 1914 known as the Burke-Roberts Employers’ Liability Act, LSA-R.S. 23:1021 et seq. That statute clearly contemplates two persons whose interest is opposed to each other, designated as employer and employee. One person can not function in the dual capacity as an active member of the partnership and at the same time be its employee.
The position taken by the plaintiff in this case has been unanimously rejected by all of the Courts of this country except the Courts of Oklahoma, which has accorded thé right to a working partner to maintain a suit for compensation benefits under its Workmen’s Compensation Law for injuries sustained while performing services arising out of and incidental to the operation of the partnership business.
Plaintiff’s learned counsel has predicated his argument for coverage on the proposition that the partnership is a separate entity from the individual members and that since under the civil law it ’ is considered as a separate entity then the coverage issued by the insurance company in favor of its employees covers him because he was earning a salary irrespective of the profits- or losses incurred by the partnership.
The fact that the plaintiff was the managing partner and was paid a salary did not lessen or increase his status as a partner. It is a matter of 'common knowledge that members of partnerships are frequently employed in the conduct of the firm’s business. It is a rule rather than an exception. Graham Paper Company v. Lewis, 1 La.App. 317; Id., 159 La. 151, 105 So. 258.
*190 The Louisiana jurisprudence at the present time is opposed to plaintiff’s position. The following is quoted from Malone’s Louisiana Compensation Law and Practice, Chapter 4, paragraph 71, page 76 :
“In Louisiana the working partner has been consistently refused compensation for his injuries. The same position has been generally adopted elsewhere, although in a few jurisdictions the working partner who has contracted to receive a regular wage irrespective of profits has been allowed compensation either by virtue of express statutory provision or judicial decision. The majority rule is defended principally on the somewhat narrow premise that the claimant cannot be both employer and employee within the intendment of the Act.
“Similarly, persons who enter into a cooperative venture of any kind where it is understood that there is to be no promised wage and that the extent of the remuneration is to depend upon the success of the undertaking are not usually entitled to compensation. This is illustrated in the case of Walkeau v. Llano del Rio Company of Nevada [La.App., 139 So. 528]. Plaintiff and others became parties to an arrangement whereby joint farming operations were to be conducted, apparently with the assistance of outside funds provided for capital outlay. It was agreed that plaintiff should receive food and shelter on condition that the returns from the venture warranted this. Otherwise there was no promised remuneration, and the parties to the arrangement received shares of stock representing their interest in the scheme. The plaintiff was denied compensation for injuries suffered during the course of his work.”
Professor Larson in his treatise on the Workmen’s Compensation Law is of the same opinion:
“With the single exception of Oklahoma, every state which has dealt judicially with the status of 'working partners’ has held that they cannot be employees. California, Michigan, and Nevada have included by special statutory enactment working partners who receive separate wages beyond their share in the profits.”
The separate entity proposition was fully considered by the Supreme Court of Nebraska, which has a partnership law something similar to ours, in the case of Rasmussen v. Trico Feed Mills, 148 Neb. 855, 29 N.W.2d 641, and that court cited the case of Dezendorf v. National Casualty Co., La.App., 171 So. 160 in which it was stated that “ordinarily a working partner is not entitled to compensation for injuries suffered while engaged in work and labor incident to the operation of the business.” The case then goes on and cites the case of Cooper v. Industrial Accident Commission, 177 Cal. 685, 171 P. 684, 686:
“ * * * ‘the law relative to compensation as between master and servant, or employer and employee, for injuries suffered by the latter, contemplates two persons standing in this opposed relation, and not the anomaly of one person occupying the dual relation of master and servant, employer and employee, plaintiff and defendant, person entitled to a judgment or award in his favor and person bound to pay a part thereof out of his own proportionate share of the partnership property and the balance, amounting possibly to the whole thereof, out of his own individual estate. Evidently the Workmen’s Compensation Act did not contemplate these anomalies in its ample and detailed provisions for compensation to injured workmen and to those dependent upon them.’ ”
It was then urged upon the court that because the partnership was an entity separate and apart from the individual members that he should be considered as an employee. The court pointed out that the plaintiff’s relation to the partnership is governed entirely by the contract between *191 him and the partners and the fact that he was employed to manage the business on a salary did not destroy his partnership relation. Under the law of Louisiana the partnership agreement is by consent and the fact that one of the members is made managing partner and paid a salary did and could not cause him to lose his identity with the partnership.
The only way I see that the plaintiff can maintain this suit and on which I concur to reverse the judgment and to remand the case for trial on the merits is that if the insurance company knew he was the managing partner and by the policy contract covered the plaintiff as an employee and collected a premium for that coverage then certainly it ought to be estopped to deny its liability because it had treated him and dealt with him as an employee and plaintiff dealt with it as an employee when the contract was made and he was paid a number of weeks compensation until they decided that the payments had been erroneously made. McLain v. National Mutual Casualty Company, La.App., 28 So.2d 680, and authorities therein cited.
If the plaintiff by reason of not being an employee could not come under the Act as the law is written but could be covered by the policy contract between the partnership and the insurance company, then he would be entitled to maintain his suit. The obligations between the employer and the insurance company are governed strictly by the policy contract and the statute so provides. LSA-R.S. 23:1162. If an estop-pel can not be properly urged then certainly the defendant is bound by its own interpretation of its own contract for which is charged and collected a premium.
For these reasons I concur in the judgment of the majority of the Court overruling the exception of no cause or right of action and remanding this case to the district court for trial on the merits.
Rehearing denied.
TATE, J., recused.
CAVANAUGH, Judge ad hoc by appointment.