GLADNEY, Judge.
This action represents a workmen’s compensation claim brought against Employers Lumber Company, its individual partners, H. Kinard Maxwell, R. Wayland Maxwell, Sonny Boy Brunson, Lester Chandler and Raymond Rabalais, and the Coal Operators Casualty Company, insurer of said partnership and its members. The claim is based on an alleged accidental injury sustained by plaintiff on July 26, 1951, while performing manual labor for Employers Lumber Company. After trial, judgment was rendered sustaining exceptions of no cause and no right of action and rejecting plaintiff’s demands, from which judgment this appeal has been taken. The exceptions were maintained on the ground that plaintiff was not an employee under the Workmen’s Compensation Act but actually was a partner of Employers Lumber Company and was performing duties required of him as a partner at the time of his alleged injury. Other defenses urged assert plaintiff did not sustain an employment accident, as alleged, and that he suffers from no disability.
Plaintiff testified that on July 26, 1951, he was unloading heavy lumber from a truck as an employee of defendant when, about 2:00 o’clock P.M., his back began to hurt so badly that he quit loading the truck. He continued to work until quitting time but handled only some small planks on another truck. He testified he has not been able to do any heavy work since his injury.
The defendant partners of Employers Lumber Company uniformly testified they and plaintiff formerly were employed by H. K. Maxwell, who then operated a planer mill and sawmill, but the sawmill was destroyed by fire and after this occurred the five named as partners in plaintiff’s petition and plaintiff agreed to put up money to buy a new sawmill and operate it as owners. Under the agreement reached by them, H. Kinard Maxwell was to become, and did become the manager of the enterprise. The others were assigned to various duties and received payments for their work in lieu of divisions of profits. Under this arrangement the six individuals did pay in certain sums of money, although plaintiff was unable to pay his share in full as did the others. At the time plaintiff suffered the alleged accident some seven or eight months after commencing this business, he had paid only $5 on the amount he agreed to put up. Plaintiff did not deny he had paid this amount and testified he helped dismantle the sawmill which they purchased, and participated in its rebuilding. He does not deny the agreement to receive sums of money equal to wages in lieu of distribution of profits. Some time after July 16, 1951, the partnership was liquidated, at which time each member, including plaintiff, received a refund of the capital paid in, plus an eight per cent (8%) profit. The evidence is somewhat indefinite as to how much each member received but it is not disputed plaintiff participated in the liquidation of the assets of the partnership. Plaintiff’s counsel practically concedes plaintiff’s status as a partner but argues there was no partnership in writing and plaintiff was a partner in name only. We find that unquestionably plaintiff was a member of the partnership and was performing manual labor at the time of his alleged injury. There is no dispute that the alleged injury, if sustained, occurred within the course of and scope of his work for Employers Lumber Company
In Harper v. Ragus, La.App., 1952-1953, 62 So.2d 167, this court had before it the same defense presented here — that plaintiff occupied the status of a working-partner and as such the claimant cannot be both employer and employee within the intent of the Workmen’s Compensation Act. In the cited case this court found that the relationship there was not one of a ■ working partner but plaintiff was an employee only and not a partner with defendant. In Louisiana where it has been presented, compensation has consistently been denied on a claim by a working partner against the partnership. See Louisiana Workmen’s Compensation Law & Practice, (Malone), page 76; Vascocue v. Collins, *74 La.App., 1933, 150 So. 414; Dezendorf v. National Casualty Company, 1936, 171 So. 160; Savant v. Goetz & Lawrence, 1926, 160 La. 916, 107 So. 621.
In Harper v. Ragus this court also discussed at length the nature of a partnership and the conditions which bring about such a status. In the instant case we find the record practically concedes the existence of the relationship or at least the evidence supporting such a relationship is not substantially refuted. Because of these factors we deem it unnecessary to discuss at length the incidents which result in a legal partnership status. Jurisprudence interpreting the Louisiana Workmen’s Compensation Act is well settled to the effect that a working partner may not recover compensation as an injured employee while performing work within the course of and scope of his duties under the partnership arrangement.
The defendant has urged further defenses which attack the validity of plaintiff’s claim that he sustained an accident and that he is disabled by reason of such injury. There appears to be considerable merit to these defenses but we find it unnecessary to determine those issues as we are convinced defendant’s exceptions of no cause of action and no right of action were properly sustained.
The liability of the insurer is coequal with that of the insured, neither greater nor lesser. This court in Dezendorf v. National Casualty Company, supra [171 So. 162], stated:
“The measure of liability of the insurer under a policy such as this is ineasured by the liability of the insured, the employer.”
It thus follows that under provisions of the workmen’s compensation statute, upon which plaintiff’s suit is entirely predicated, there is no liability of the Employers Lumber Company and its individual partners to plaintiff, and consequently there can be no obligation of the insurer, the Coal Operators Casualty Company. See LSA-R.S. 23:1162.
Our views as hereinabove expressed are supported by those given by our distinguished brother of the trial court, who likewise sustained defendant’s exception of no cause and no right of action, and dismissed plaintiff’s demands. It follows from the above that the judgment from which appealed should be and is hereby affirmed.